FILED

NOT FOR PUBLICATION

MAY 21 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DUSKO CAVIC;<br>LJILJANA CAVIC,<br><br>        Debtors,<br><br>———————————————<br><br>DUSKO CAVIC,<br><br>        Appellant,<br><br>  v.<br><br>JOHN M. WOLFE, Chapter 7 Trustee;<br>VESTIN MORTGAGE, INC.; UNITED<br>STATES TRUSTEE; MICHAEL J.<br>MIGAN; MICHAEL SHUSTEK; PAUL<br>CONNAGHAN; MATTHEW Q.<br>CALLISTER; JOSEPH MONA<br>MICHAEL; EMERALD QTR, LLC;<br>STAN PACK, Certified Public<br>Accountant; COREY B. BECK,<br><br>        Appellees. | No. 09-60016<br><br>BAP No. CC-08-1220-PaDC<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Carlson, and Dunn, Bankruptcy Judges, Presiding

———————————

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 6, 2010
Pasadena, California

Before: CLIFTON and BYBEE, Circuit Judges, and KORMAN, District Judge.[**]

Dusko Cavic appeals the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's order approving five settlement agreements between bankruptcy trustee John M. Wolfe and defendants in adversary proceedings. We affirm.

Defendants argue that this appeal should be dismissed as moot because the settlements have been consummated according to the agreements approved by the bankruptcy court and Cavic did not diligently pursue a stay pending the outcome of this litigation. This appeal is not moot because defendants have not met the "heavy burden" of demonstrating that there is "no effective relief remaining for the court to provide." *Focus Media, Inc. v. Nat'l Broad. Co. Inc. (In re Focus Media, Inc.)*, 378 F.3d 916, 923 (9th Cir. 2004) (internal quotation marks omitted). It might be possible for the bankruptcy court to unwind the settlements because this matter is limited to a small number of parties, all before the court, and presents issues involving the transfer of money and not real property. *See Baker & Drake, Inc. v.*

---

[**] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

*Pub. Serv. Comm'n of Nevada*, 35 F.3d 1348, 1351 (9th Cir. 1994) (holding that an appeal is not moot when it is not impractical for the court to fashion relief and stating that "[f]ailure to obtain a stay, standing alone, is often fatal but not necessarily so; nor is the 'substantial culmination' of a relatively simple reorganization plan").

Nonetheless, we affirm the BAP's determination that the bankruptcy court did not abuse its discretion in approving the five settlement agreements. The bankruptcy court adequately considered the agreement created between Cavic, Wolfe, and special counsel Michael Migan, and it found based on the information provided that the settlement agreements were fair and equitable. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986) (discussing the factors the bankruptcy court must consider in determining the "fairness, reasonableness and adequacy of a proposed settlement agreement"). Cavic was given the opportunity to participate in the overbid procedures at the time the court considered the settlement agreements, and he did not submit any overbids.

The bankruptcy court's subsequent allowance of reimbursement of attorney's fees and costs for Cavic does not render the bankruptcy court's decision to approve the settlements an abuse of discretion. At the time the bankruptcy court was considering the settlement agreements, it considered, along with a wealth of

3

other evidence, that Cavic had not yet been awarded the administrative claim and that Cavic could not credit bid a yet-to-be-determined claim. The bankruptcy court therefore did not abuse its discretion in approving the settlement agreements.

**AFFIRMED.**